UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

JAMES LEE BURNETT,

Petitioner,

v.

SHERYL RAMSTAD HVASS,
Commissioner of Corrections, State of Minnesota;
CONNIE ROEHRICH, Warden,
Minnesota Correctional Facility, Faribault; and
MICHAEL HATCH, Attorney General of the
State of Minnesota,

Respondents.

Civil No. 00-1595 JMR/AJB

**REPORT AND RECOMMENDATION**

---

Benjamin L. Weiss, Esq., on behalf of Petitioner.

James B. Early, Esq., Assistant Attorney General of the State Minnesota, on behalf of Respondents.

---

## I. INTRODUCTION

The above-entitled matter is an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying Petitioner's application is an affidavit and several exhibits. [Docket No. 1]. Respondent has filed a memorandum in opposition, accompanied by several documents relating to Petitioner's state-court appeal. [Docket Nos. 10 & 11]. The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons set forth below, the Court recommends that the petition for writ of habeas corpus be dismissed with prejudice.

DEC 12 2000
DOSAL, CLERK

## II. BACKGROUND

According to the papers submitted by the parties, the following background information is not disputed. In the District Court of Brown County, Minnesota, Petitioner was convicted of first-degree sale of a controlled substance. Petitioner's arrest and conviction was the product of an undercover drug sting. The sting involved an undercover officer, who made a total of three drug purchases from Petitioner. Before the third purchase, Petitioner had not sold the 10 grams required to support a first-degree charge. However, the third purchase put him over.

During sentencing, Petitioner argued that he was the victim of sentence manipulation in that the sole reason for the third drug purchase was to put him over the 10-gram threshold. The trial judge refrained from ruling on the matter. Petitioner appealed his case to the Minnesota Court of Appeals. The Minnesota Court of Appeals concluded that the evidence elicited at trial did not support a finding of sentence manipulation. Petitioner then appealed to the Minnesota Supreme Court, arguing the sole issue of sentence manipulation. The Minnesota Supreme Court declined review.

## III. DISCUSSION

Before granting habeas relief, this Court must find that Petitioner is being held in violation of the laws, or the Constitution, of the United States.[1] The Petitioner has not demonstrated such a violation.[2]

In his habeas corpus application, Petitioner's sole argument is that the evidence elicited at his trial supports a finding of sentence manipulation. Sentence manipulation

---

[1] 28 U.S.C. § 2254(a).

[2] Respondents argue, *inter alia*, that Petitioner has failed to exhaust his state remedies. Because Petitioner's application fails to demonstrate a Federal matter, the Court opts to reach the merits, as authorized by 28 U.S.C. § 2254(b)(2).

has been characterized by the Eighth Circuit as "situations in which the government engages in continuing undercover or sting transactions for the sole purpose of ratcheting up a sentence."[3]

The United States Supreme Court has never established the doctrine of sentence manipulation. In fact, not all Federal Circuits have adopted the theory.[4] Not only has the United States Supreme Court never established the specific doctrine of sentence manipulation, the high Court has never established the general principles upon which sentence manipulation is founded.

Sentence manipulation is an outgrowth of the defense of "outrageous government conduct."[5] The defense of "outrageous government conduct" has its genesis in United States v. Russell,[6] where the Court, in dicta, noted:

> While we may *some day* be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction, [internal citations omitted], the instant case is distinctly not of that breed.[7]

---

[3] U.S. v. Shepard, 4 F.3d 647, 649 (8th Cir. 1993).

[4] See e.g., U.S. v. Baker, 63 F.3d 1478, 1500 (9th Cir. 1995) ("[W]e decline to adopt a rule that, in effect, would find 'sentence manipulation' whenever the government, even though it has enough evidence to indict, opts instead to wait in favor of continuing its investigation."); U.S. v. Gomez, 103 F.3d 249, 256 (2nd Cir. 1997) ("We need not decide today whether we recognize [sentence manipulation], because under either the subjective or objective standard there was no outrageous government conduct here."); U.S. v. Jones, 18 F.3d 1145, 1154 (4th Cir. 1994) ("[W]e conclude that, here, we need not decide whether the theory of sentencing manipulation has any basis in law for, on the facts presented, it would, in any event, be inapplicable.").

[5] See e.g., U.S. v. Calva, 979 F.2d 119, 12-23 (8th Cir. 1992) (rejecting a sentence manipulation argument because the government's conduct was not outrageous); U.S. v. Lacey, 86 F.3d 956, 963 (10th Cir. 1996) (recognizing sentence manipulation under the rubric of outrageous government conduct); U.S. v. Cotts, 14 F.3d 300, 306 n.2 (7th Cir. 1994) (recognizing the possibility of sentence manipulation where government conduct is outrageous); Jones, 18 F.3d at 1154-55 (failing to adopt the doctrine of sentence manipulation, but recognizing that, if it did so, there must first be outrageous government conduct).

[6] 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

[7] Id. at 432-33 (emphasis added).

Since Russell, that "some day" has never arrived.[8] Without a directive from the United States Supreme Court, the Minnesota courts are free to do as they please with respect to the doctrine of sentence manipulation.[9]

The Minnesota Supreme Court, in State v. Soto,[10] indicated its intent to adopt the doctrine of sentence manipulation. However, in Soto, the doctrine was not adopted because, according to the Minnesota Supreme Court, the evidence did not warrant doing so.[11] In Petitioner's case, the Minnesota Court of Appeals, while discussing Soto, also refused to adopt the doctrine of sentence manipulation; because, as in Soto, the court concluded that the evidence did not warrant doing so.[12]

In his application for relief, Petitioner's sole argument is that the Minnesota Court of Appeals erred in not recognizing that the record supported a finding of sentence manipulation. Petitioner, in effect, asks this Court to oversee the courts of Minnesota as they develop their own doctrine of sentence manipulation. It would be inappropriate to do so. This Court may not instruct the courts of Minnesota as to the amount and kind of evidence needed to support a finding of sentence manipulation.[13]

---

[8] U.S. v. Berg, 178 F.3d 976, 979 (8th Cir. 1999) ("The Supreme Court has yet to see that day."); U.S. v. Tucker, 28 F.3d 1420, 1424 (6th Cir. 1994) (concluding that the language from Russell remained dicta); Jones, 18 F.3d at 1154 ("[T]he Supreme Court has never decided whether outrageous government conduct can serve as a valid defense to a crime, let alone as a justification for a downward departure for sentencing purposes.").

[9] See generally, Arizonans for Official English v. Arizona, 520 U.S. 43, 117 S.Ct. 1055, 1064 n.11, 137 L.Ed.2d 170 (1997) (finding it "remarkable" that the Ninth Circuit would question the wisdom of the view that state courts are not bound to follow lower federal courts); Lockhart v. Fretwell, 506 U.S. 364, 375-76, 113 S.Ct. 838, 846, 122 L.Ed.2d 180 (1993) (Thomas, J., concurring) (noting that state courts are not bound to follow lower Federal courts).

[10] 562 N.W.2d 299 (Minn. 1997).

[11] Id. at 305.

[12] State v. Burnett, No. C9-98-1201, 1999 WL 289221, at *4 (Minn. Ct. App. May 11, 1999).

[13] Lee v. Gammon, 222 F.3d 441, 443 (8th Cir. 2000) (noting that Federal Court may not review Missouri Supreme Court's conclusion that the evidence did not establish a "serious physical injury" under Missouri law).

## IV. CONCLUSION

Upon review of Petitioner's claim for habeas relief, the Court finds that Petitioner has failed to establish that he is being held in violation of the laws, or the Constitution, of the United States. Therefore, this Court recommends that his application for habeas relief be denied.

## V. RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petition for writ of habeas corpus be denied [Docket No. 1];
2. This action be dismissed with prejudice.

Dated 12/12/00

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

AJB