**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

JAMES LEE BURNETT,

Petitioner,

v.

SHERYL RAMSTAD HVASS,
Commissioner of Corrections, State of Minnesota;
CONNIE ROERICH, Warden,
Minnesota Correctional Facility, Faribault; and
MICHAEL HATCH, Attorney General of the
State of Minnesota,

Respondents.

Civil No. 00-1595 JMR/AJB

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

---

Benjamin L. Weiss, Esq., on behalf of Petitioner.

James B. Early, Esq., Assistant Attorney General of the State Minnesota, on behalf of Respondents.

---

## I. BACKGROUND

The above-entitled matter is an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636 and Local Rule 72.1(c). Accompanying Petitioner's application was an affidavit and several exhibits, but not a memorandum of law. Respondents filed a memorandum in opposition, accompanied by several documents relating to Petitioner's state-court appeal. In a Report and Recommendation dated December 12, 2000 [Docket No. 12], the undersigned recommended that Petitioner's application be denied. Thereafter, Petitioner filed timely objections to the Report and

FILED APR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

Recommendation. [Docket No. 13]. One of Petitioner's objections was that the December 12, 2000 Report and Recommendation was issued before he had a chance to submit a memorandum of law. In an Order dated February 23, 2001 [Docket No. 15], United States District Judge James M. Rosenbaum granted Petitioner 20 days within which to submit such a memorandum, and remanded the matter for reconsideration in light of the arguments contained therein. Petitioner has submitted a memorandum [Docket No. 16] and now; after reconsideration, and for reasons set forth below, the Court again recommends that the petition be denied.

## II. DISCUSSION

As a preliminary matter, the Court concludes that it is unnecessary to duplicate, or modify, the analysis in the December 12, 2000 Report and Recommendation. This Report and Recommendation serves as a mere supplement, and should be taken in conjunction with the December 12, 2000 Report and Recommendation.

In his application for habeas relief, Petitioner contends that he was the victim of sentence manipulation. Petitioner does not dispute that the United States Supreme Court has established neither the doctrine of sentence manipulation nor the general defense of "outrageous government conduct." In addition, Petitioner does not dispute that, because of this lack of Supreme Court precedent, his claim is barred by the plain language of 28 U.S.C. § 2254(d)(1). Instead, Petitioner argues that, to the extent 28 U.S.C. § 2254(d)(1) limits the source of law that supports habeas relief to Supreme Court precedent, it is inconsistent with the separation of powers set forth in the United States Constitution. The Court has found no support for this position, nor has the Court located an Eighth Circuit or Supreme Court decision, which addresses the matter. However, the Court has

found that at least three Circuits have issued decisions that reject Petitioner's position. Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 2000), Green v. French, 143 F.3d 865, 874-75 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090, 119 S.Ct. 844, 142 L.Ed.2d 698 (1999), *abrogated on other grounds*, Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), Lindh v. Murphy, 96 F.3d 856, 867-70 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). It is unnecessary to discuss these decisions, except to say that they have persuaded the Court to, once again, recommend that Petitioner's application for habeas relief be denied.

## III. RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Petition for writ of habeas corpus be denied [Docket No. 1];

2. This action be dismissed with prejudice.

Dated 4/13/01

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

AJB